**HALLMARK CARDS, INC.,**
Plaintiff–Appellee,

v.

**GROUP ONE LTD., Defendant–Appellant.**

No. 04–1377, 04–1378.

United States Court of Appeals,
Federal Circuit.

DECIDED: Aug. 6, 2004.

Patrick Lysaught, Sterchi Baker, Kansas City, MO, for Dependant–Appellant.

Michael E. Florey, John A. Dragseth, Deanna J. Reichel, Fish & Richardson, Minneapolis, MN, for Plaintiff–Appellee.

Before GAJARSA, LINN, and PROST, Circuit Judges.

*ORDER*

PROST, Circuit Judge.

Group One Ltd. moves for a stay, pending appeal, of "all proceedings in the United States District Court for the District of Missouri." Hallmark Cards, Inc. opposes. Group One moves for leave to file a 25–page reply, with reply attached. Group

One moves to consolidate 04–1377 with 04–1378. Hallmark opposes and moves to dismiss 04–1377, Group One's appeal from *Hallmark Cards, Inc. v. Group One, Ltd.,* No. 04–0063–CV–W–DW (D. Mo. April 15, 2004), for lack of jurisdiction. Group One replies and opposes. Group One moves without opposition for an extension of time in 04–1377 and 04–1378, until August 2, 2004, to file its briefs.

Hallmark filed a declaratory judgment action against Group One in the Missouri district court (Missouri court) seeking a declaration that three of Group One's patents are invalid and not infringed. Group One moved to dismiss for lack of personal jurisdiction and filed suit against Hallmark on the same patents in the United States District Court for the Eastern District of New York (New York court). On April 15, 2004, the Missouri court issued a temporary restraining order (TRO) precluding Group One from proceeding with the New York court action until the Missouri court ruled on Group One's motion to dismiss for lack of personal jurisdiction. Group One appealed, 04–1377. On April 27, 2004, the Missouri court denied Group One's motion to dismiss for lack of personal jurisdiction and entered a preliminary injunction enjoining Group One from prosecuting the New York court action "until the [Missouri] Court rules on the merits of Hallmark's declaratory judgment action." Group One filed a second notice of appeal, 04–1378.

■ A party may appeal a district court order granting an injunction. *See* 28 U.S.C. § 1292(c)(1). Fed. R.App. P. 8(a)(1) provides that a party may seek a stay of that order, pending appeal. However, Group One does not request a stay of the injunction. Rather, Group One asks this court to grant "an immediate stay of all proceedings [in the Missouri court] pending resolution of Group One's appeals of the District Court's April 15, 2004 and April 27, 2004, Orders." Such a request does not fall under the rubric of Rule 8, and is not properly before this court.

■ Hallmark argues that the Missouri court's April 15, 2004 TRO is not an appealable order and, therefore, 04–1377 must be dismissed. We agree. In this case, the TRO was issued for a brief time (8 days as computed under Fed.R.Civ.P. 6(a)) and for the sole purpose of preserving the status quo until the Missouri court could make its rulings on the motions to dismiss for lack of personal jurisdiction and for a preliminary injunction. The district court on April 27, 2004 issued an injunction, from which Group One has appealed, 04–1378. Thus, 04–1377 must be dismissed and the motion to consolidate is moot.

Accordingly,

IT IS ORDERED THAT:

(1) Group One's motion for a stay, pending appeal, is denied.

(2) Group One's motion for leave to file a 25–page reply, with reply attached, is granted.

(3) Hallmark's motion to dismiss 04–1377 is granted.

(4) Group One's motion to consolidate 04–1377 with 04–1378 is moot.

(5) Group One's motion for an extension of time to file its brief in 04–1377 is moot.

(6) Group One's motion for an extension of time to file its brief in 04–1378 is granted.

(7) Each side shall bear its own costs as to 04–1377.